Peck J.
delivered the opinion of the court.
Two questions arise upon this record. 1st. Should the court have dismissed the cause for the want of authority to lay the demise jointly with the other plaintiffs, in the name of Robert Irwin, who was dead; we are of opinion the court did right in striking out the name of the dead man, Irwin, and permitting the cause to proceed in the name of the other lessors, who were plaintiffs, without Irwin, competent to bring the action; and it would be a forced construction of the acts of assembly beyond their obvious meaning, to dismiss for the want of *489 authority to associate the name of him who could give no authority, with others, the authority for the use of whose names is not questioned, (act 1825, ch. 29: also, same year, ch. 68.
2d question: did the court err in rejecting the deed of conveyance from Robert Irwin to Thomas Greer, dated 13th of April, 1813. The probate objected to is in these words: State of North Carolina, I, Isaac Alexander, clerk of the court of pleas and quarter sessions of Mecklenburgh, at the court house in Charlotte, on the 4th Monday in February, in the year T817, do hereby certify, that William Irwin, one of the 'subscribing witnesses to this deed, appeared in court and made oath that the said Robert Irwin signed, sealed, and delivered the within deed for the uses and purposes therein mentioned. In testimony whereof, &c. On the authority of the case of Crawford and Crawford vs. Henderson and another, determined at the present term of this court, the certificate is sufficient. In rejecting the deed, the court erred, for which the judgment must be reversed.
judgment reversed.